IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID EARL KATES | § | |
| | § | |
| v. | § | 2:12-CV-0018 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION TO DISMISS
"FIRST AMENDMENT PETITION REDRESS OF GRIEVANCES"**

Came for consideration the above-entitled application filed by defendant DAVID EARL KATES on January 17, 2012. By this pleading, defendant pleads he is "actually legally, and factually innocent of any and all of the federal statutes in which he was unconstitutionally and illegally indicted . . .[and] convicted . . . ." Citing *Bond v. U.S.*, 2011 U.S. LEXIS 45589 (U.S. June 16, 2011), defendant argues Congress exceeded its power in violation of numerous sections of the United States Constitution when it passed the statutory provisions on which his conviction was based and the Government usurped the authority of the States of Texas in prosecuting him.

For the reasons hereinafter expressed, defendant's application should be DISMISSED.

I.
PROCEDURAL HISTORY

On November 6, 1997, defendant Kates was found guilty of one count of Possession with Intent to Distribute Cocaine Base, Aiding and Abetting in violation of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(B). Defendant was held accountable for 19.67 grams of cocaine base, resulting in a base offense level of 26 pursuant to USSG § 2D1.1(c)(7) and a criminal history

category of IV.  Nevertheless, due to two prior convictions for Delivery of a Controlled Substance, defendant met the career offender provisions of USSG § 4B1.1, which resulted in an offense level of 37 and a criminal history category of VI, leading to application of the career offender guidelines range.  On April 3, 1998, defendant Kates was sentenced to 360 months' confinement in the Bureau of Prisons.

Defendant appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit, arguing (1) the District Court erred in denying his motion for new trial for an alleged Brady violation; (2) the District Court erred by denying a motion for acquittal based upon failure to prove the element of intent to distribute; and (3) the District Court erred by finding Kates was a career criminal and determining his prior convictions were not "related cases."  On May 27, 1999, the United States Court of Appeals for the Fifth Circuit affirmed defendant's conviction and sentence.

On May 2, 2000, defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody alleging ineffective assistance of counsel in that counsel:  (1) failed to raise on direct appeal the claim that in calculating defendant's criminal history under the Sentencing Guidelines, defendant's two prior state convictions should have only counted as one prior conviction under §4A1.2 because said convictions were "related cases" in that they were "part of a single common scheme or plan;" (2) failed to move for downward departure from the career offender guidelines; and (3) failed to accurately calculate the sentencing guidelines of the plea offer made by the government."

On December 31, 2002, defendant's motion to vacate was denied; and defendant's motion for Certificate of Appealability was denied by the United States Court of Appeals for the Fifth Circuit on July 14, 2003.  A second Motion Under 28 U.S.C. § 2255 was dismissed as successive on

March 18, 2009; and defendant's request for Certificate of Appealability was denied by the United States Court of Appeals for the Fifth Circuit on August 9, 2010. Defendant has also submitted a petition for writ of error coram nobis, repeated motions for sentence reduction under Title 18, United States Code, section 3582(c) and motions under Rule 60, Federal Rules of Civil Procedure, all of which were ruled without merit or dismissed for want of jurisdiction, such rulings being affirmed by the United States Court of Appeals for the Fifth Circuit.

On January 17, 2012, defendant filed the instant "First Amendment Petition Redress of Grievances." By this pleading, defendant appears to challenge the constitutionality of the statutes underlying his conviction.

## II.
## FAILURE TO OBTAIN CERTIFICATION

By his application, defendant requests that, following a show cause order to the Government and a hearing on his application, his conviction be declared "void, illegal and unconstitutional;" he be immediately discharged and released from prison; and the United States Government be found "liable as a matter of law."

Title 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre,* 211 F.3d 876, 877-78 (5th Cir. 2000). A section 2255 petition must be filed in the sentencing court, and "[r]elief under section 2255 is warranted for errors cognizable on

collateral review that occurred 'at or prior to sentencing.'" *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000).

Defendant KATES does not argue anywhere in his pleadings that a proceeding under section 2255 raising such grounds would be inadequate.

Defendant has filed his "First Amendment Petition Redress of Grievances" in this Court, his sentencing court. Defendant's "First Amendment Petition Redress of Grievances" is based upon an argument that he was prosecuted and convicted of violating laws which are void, and his trial, conviction, and sentence are, therefore, illegal. Thus, defendant's claim is based on errors that occurred "at or prior to sentencing."

Defendant is seeking to collaterally attack his conviction and sentence by alleging a violation of the Constitution. The procedure through which to challenge the legality of defendant's sentence on constitutional grounds is properly through a section 2255 motion to vacate. Defendant's present challenge to his conviction and sentence is, in actuality, a motion to vacate sentence and, here, his third[1] motion to vacate under 28 U.S.C. § 2255.

Title 28 U.S.C. § 2255 provides that a "second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." Title 28 U.S.C. § 2244(b)(3)(A) sets forth the manner in which a movant may obtain the appropriate certification, *viz.*, by moving in the appropriate court of appeals for an order authorizing the district court to consider the application. Consequently, before a district court such as this one may consider a successive motion to vacate, a defendant must obtain the requisite certification and/or permission from the appropriate court of appeals to file such motion with the district court.

---

[1] Kates has previously filed cause nos. 2:00-CV-0145 and 2:08-CV-0078.

Defendant has made no showing of having obtained certification and/or authorization from the Fifth Circuit Court of Appeals, the appropriate appellate court, to file this second motion to vacate. Because defendant has failed to obtain the appropriate certification from the appropriate appellate court as required by 28 U.S.C. § 2255, this Court is without authority to consider his request for relief. Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider defendant's third motion to vacate and that the instant motion to vacate should be dismissed for lack of subject matter jurisdiction.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the "First Amendment Petition Redress of Grievances" filed January 17, 2012 by defendant DAVID EARL KATES be DISMISSED.

### IV.
### INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO APPEAL

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of January, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).